Parker, C. J.
This is assumpsit, in which the plaintiff declares for the sum of 259 dollars 50 cents, paid, laid out, and expended, by him, at the request of the defendant, and to his use. The facts are reported by the judge before whom the cause was opened, upon which he directed a nonsuit, which is to be taken off, and the defendant to be defaulted, if on those facts the action can be maintained.
[ * 361 ] * [Here the chief justice recited the facts, and pro ceeded.] Against this suit brought upon the original implied promise a defence is made, upon the ground that the note given by the defendant, and accepted by the plaintiff, together with the plaintiff’s receipt upon the bond, are a discharge in law of the original contract; and it remains for us to determine whether such is the legal operation of these facts.
We begin with observing that the payment of the whole bond by the plaintiff, the defendant being jointly and severally bound with him, and for a preexisting debt, for which both of them were equitably to be considered only as sureties, raised a promise in law, as long settled in this state, on the part of the defendant, to pay his moiety on demand to the plaintiff; on which promise an action at law could have been maintained, and against which the defendant could, according to the facts stated, have made no legal defence, (a) This legal claim remains unsatisfied, and may be enforced in the present action ; unless the note given by the defendant, which appears by the receipt to have been accepted by the plaintiff, amounts to payment, or to an extinguishment of the preexisting legal contract.
At common law it is clear that a subsisting simple contract is not discharged or extinguished by the acceptance of another simple contract, given by the same party for the same consideration. In *329 deed, the new contract in such case is nothing more than a new, and perhaps better, form of evidence, than before existed, to prove the same original contract. The authorities to support this position are cited in the case of Banorgee vs. Hovey. (1) The principle is also recognized in the cases of Thatcher & Al. vs. Dinsmore, (2) and Maneely vs. M'Gee & Al. (3) There are also several New York cases to the same effect. (4)
It is true that it is now the settled law of this state that a negotiable promissory note, given by a party chargeable upon an original simple contract, and accepted by the other party, is a discharge of the original contract, unless it be proved not to have been the intention of the parties to give * it that [ * 362 ] effect. This principle was settled in the two cases before cited, of Maneely vs. M’Gee & Al., and Thatcher & Al. vs Dinsmore. The reason given by the Court for establishing the principle is, that otherwise the debtor may be put to inconvenience, and perhaps be obliged to pay his debt twice; as he cannot set up a payment of his original debt, after a seasonable endorsement of the note, against the claim of an innocent endorsee.
The note relied upon in the present case as a discharge of the legal demand of the plaintiff, was in its form a negotiable note; but it being made payable to a third person, who does not from the facts appear to have had any interest in it, and who immediately endorsed it over to the plaintiff, for whose use it was undoubtedly given, it must be considered, as to its effect upon the present question, as a negotiable promissory note given to the plaintiff. This, according to the authorities last cited, amounted to payment, or a discharge of the original contract or implied promise, unless the circumstances attending it take it out of the principles of those decisions.
It appears that this note, at the time it was given, secured more than six per cent, for delay of payment; and so, according to our statute of usury, was null and void in its creation, (a) It appears, further, that the defendant has himself alleged this in his defence, upon a suit brought upon the note, and that, on this ground, he prevailed in his defence. Can he now set up this same note, void in its creation, and rendered functus officio by the defence he made against it, to defeat a legal and equitable liability, against which he had no moral or legal defence ?
I am happy in believing that it is perfectly clear that the defend *330 ant cannot escape from his original contract by a device so dishonorable as he has resorted to on this occasion. It being admitted that the note by which he would discharge himself was usurious, it follows that it was void; and, being void, it can have no effect upon the original contract, in which there was no taint of [ * 363 ] usury. The note was nothing * but a security for the debt: the security is void, but the debt remains good.
This principle has been settled in many English cases, ancient and modern. (5) The case of Robinson vs. Bland decides that a subsisting simple contract is not extinguished by another contract of the same nature; and that, where the security given is void, as being against positive statutes, the contract itself, if fair, is left unimpeached and in full force. But the case of Gray vs. Fowler & Al., Assignees, reported by H. Blackstone, is more analogous to the case at bar, and, indeed, can hardly be distinguished from it, except that it is much stronger, from the circumstance that a deed had been given as security upon the simple contract. That was a case out of chancery, and solemnly decided; and the Court were clear and unanimous that, notwithstanding there was gross usury in the security, the original debt remained unimpeached.
The counsel for the defendant, in the case before us, has relied upon the receipt as conclusive evidence of the discharge of the first contract. But receipts may always be explained by paroi testimony, and are never binding, if given by mistake, or if the consideration on which they are given should fail.
Nor does it avail the defendant that Holbrook might by possibility have recovered upon the note, had an action been brought in his name. It is sufficient, in this action, that it appears that Holbrook was a mere agent, without any interest in the transaction between these parties.
Upon the whole, we are all of opinion that the nonsuit, in the case before us, must be taken off, and that the defendant must be called.

Defendant defaulted.

 Taylor vs. Savage, 12 Mass. Rep. 93.— Bachelder vs. Fiske & Al. 17 Mass Rep. 464.

 5 Mass. Rep. 11.

 5 Mass. Rep. 299.

 6 Mass. Rep. 143.

 5 Johns. 68. —6 Johns. 110. — 8 Johns. 81, 309

 Chapman vs. Black, 2 B &. A. 588—Bridge vs. Hubbard, 15 Mass. Rep. 103

 Cro. Eliz. 20. — 1 Sound. 294. — I H. Black. 462. — 2 Burr. 1077, Robinson vs Bland.