## RICE *vs.* WELLING & FAKE.

When a note, given *at the time* when the liability of the defendant to the plaintiff occurs is *usurious*, there can be no recovery in the same action on the *money counts :* it is otherwise where there is a pre-existing valid debt and a usurious note *subsequently* given.

A verdict will not be set aside as against the weight of evidence where the defence is *usury,* and the testimony does not leave the question free from doubt, although the court are of opinion that the jury would have been warranted to have found a verdict different from that found.

THIS was an action of assumpsit, tried at the Rensselaer circuit, in June, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The declaration was on a promissory note for $300 with interest given by the defendants to the plaintiff, dated 11th August, 1828, and payable in six months; it also contained the money counts. The defence was *usury*. One *Williams* was indebted to the plaintiff by bond and mortgage, the amount due on which, on 11th August, 1828, was $303,28. *Welling*, one of the above defendants, was indebted to one *Akin*, and Akin was indebted to *Williams*, and by an arrangement between all the parties, *Welling*, gave the note on which this suit was brought; *Fake*, the other defendant, signing as his surety, and the plaintiff delivered up the bond and mortgage. At the same time Welling gave his individual note to the plaintiff for $13,28, including $3,28 the balance of the above $303,28, and also including $10 alleged by the defendants to be a premium for forbearance, and by the plaintiff to cover the costs accrued in proceedings to foreclose the mortgage of Williams commenced previous to the above arrangement. After the evidence of both parties was closed, the counsel for the plaintiff desired the judge to charge the jury that if they should find the note to be usurious, the plaintiff would, notwithstanding, be entitled to recover on the original consideration, to wit, the amount due on the bond and mortgage against Williams at the date of the note, assumed by the defendants at that time. The judge decided that the plaintiff could not recover on the original consideration in this action, and submitted the question of usury to the jury, who found for the defendants. The plaintiff excepted to the decision of the judge, and now moved for a new trial.

*H. P. Hunt*, for plaintiff.

*J. Pierson*, for the defendants.

*By the Court*, SUTHERLAND, J. The jury in this case have found that the note on which the suit was brought was usurious. In the opinion of the court the evidence would have warranted a differrent verdict; but it was a pure question of fact, not free from doubt, and peculiarly proper for the determination of a jury. We cannot, therefore, with pro-

priety, interfere with the verdict as being against the weight of evidence.

The only question, therefore, upon the merits of the case, is whether the plaintiff was entitled to recover in this action under his common counts, upon the original consideration of the note. The judge before whom the cause was tried decided that he was not, and the plaintiff's counsel excepted to that opinion.

It has been repeatedly held that where a note or other security is given for a pre-existing valid debt, reserving illegal interest or containing an usurious premium for forbearance, although the security is void, the antecedent debt is not extinguished, and may be recovered in the same action under the common counts, if it is of a nature to which those counts are appropriate. The statute of usury renders void all bonds, bills, notes, contracts or assurances by which there shall be reserved above the rate of seven per cent. This provision relates wholly to the *contract*, and makes that utterly void ; but if there was once a valid subsisting debt, that cannot be destroyed by a void or invalid security ; nothing is better settled ; the following are a few of the cases to that point : 1 *H. Bl.* 462 ; 7 *Mod.* 119 ; 2 *Taunt.* 184 ; 3 *Burr.* 1081 ; 3 *Campb.* 119 ; 19 *Johns. R.* 1, 150, 294 ; 2 *Caines' Cases in Error,* 82 ; *Sir Th. Raym.* 196 ; 4 *Burr.* 2253 ; 1 *Saund.* 294 ; 11 *Mass. R.* 359 ; 8 *Cowen,* 77, 40.

Let us then advert to the facts of this case to see whether there was any subsisting debt due from the defendants to the plaintiff before the giving of the note in question and independent of it. The plaintiff Rice held a bond and mortgage against one *Henry Williams,* upon which the balance due in August, 1828, was about $300. Payment was then called for and the bond and mortgage were left with an attorney for collection. Williams held a demand against one *Benjamin H. Akin,* upon which he relied to meet the plaintiff's claim. The defendant *Welling* was indebted *to Akin,* and by a mutual arrangement between the parties, it was agreed that *Welling* should give his note, with the other defendant *Fake* as security, to the plaintiff Rice, in satisfaction of the

bond and mortgage which he held against *Williams.* The note in question was accordingly given, and Williams' bond and mortgage were surrendered by Rice. Williams undoubtedly credited Akin, and Akin credited Welling with the amount thus paid, on the demands which they respectively held against each other. The note thus given, the jury have found, was infected with usury. Can the plaintiff recover in this action upon the consideration on which the note was founded?

The undertaking of the defendants was undoubtedly an original one. It was founded upon a new and sufficient consideration, and would have been binding upon them independently of the question of usury, although not in writing. It was not a promise to pay the debt of another, within the meaning of the statute of frauds. The authorities leave no doubt upon this point. 3 *Burr.* 1888. 4 *Bos. & Pul.* 130. 2 *East,* 325. 2 *Saund. Plead. & Ev.* 212, 213, *and cases there cited.* 3 *T. R.* 180. 5 *Barn. & Ald.* 228.

In every usurious loan of money there is a good consideration in part for the promise to pay. The borrower actually receives the money of the lender; yet, the security given being absolutely void, the sum actually loaned cannot be recovered upon an *implied* assumpsit, although it will be a good consideration for a subsequent express promise to repay it. *Early* v. *Mahon,* 19 *Johns. R.* 150. Usury infects and avoids the whole of every agreement or transaction into which it enters. If the amount due on the mortgage from Williams to the plaintiff be deemed the consideration for the defendants' promise, the difficulty is still the same. It was not the debt of the defendants, except by virtue of the usurious agreement. It was not, therefore, as against them, a pre-existing valid debt. The true test, then, probably is whether, laying the usurious contract entirely out of the case and considering it as never having been made, there was a cause of action on which the plaintiff could have recovered, as for money paid, &c. against the defendants. Now it is obvious that anterior to the giving of this note the plaintiff had no cause of action whatever against the defendants or either of them; and although the note was given for a pre-existing

debt, in the broadest sense of the expression, it was not a pre-existing debt of the defendants; it became their debt only by virtue of the usurious agreement, and that being utterly void, cannot in any manner be the foundation of a recovery.

It may also be conceded that the money originally due from the defendant Welling to Akin was, by virtue of the arrangement between the parties, to be considered as money had and received by him to the use of the plaintiff. The parties all agreed that it should be so held and applied ; 5 *Barn. & Ald.* 228 ; and if no note had been given, and the transaction had been free from usury, the plaintiff could have recovered the amount upon the implied assumpsit. If the arrangement had been thus made in the first instance, and the giving of the note with an usurious premium had been a subsequent and distinct transaction, although the note would have been void, the pre-existing debt could have been recovered under the common counts, if Welling had been the sole defendant. The case would then have been precisely within many of the authorities which have been cited ; but the difficulty in this case is that it was all one transaction ; there was no indebtedness, either express or implied, on the part of the defendants to the plaintiff, before the note was given. The agreement and the giving of the note were simultaneous acts. Indeed the agreement was simply that the defendants should assume this debt by giving their note. There was a previous indebtedness on the part of Welling to Akin, but the plaintiff has no concern with that; he must recover on the ground of a promise, either express or implied, from the defendants to him. The debt due to Akin may be the consideration for the promise ; but it is the promise, and not the consideration, which is the ground of the recovery.

The motion for a new trial must therefore be denied.