Shaw C. J.
delivered the opinion of the Court. The facts of this case briefly are, that the plaintiff held certain cash notes against the defendant, either as payee or indorsee, the validity of which is not questioned, and that the plaintiff advanced some other money, adding a sum for usurious interest, and took a note for the whole, amounting to $200. The plaintiff indorsed the note “ without recourse,” to Branch Byrom, who commenced an action upon it, , which was successfully defended, on the ground of usury, and avoided by the defendant; after which this action was brought. The question is, whether the plaintiff can now recover the amount of the notes, thus included in the usurious note, which has been avoided.
It is very clear that the notes included in the large note were at that time due to the plaintiff; and unless they were paid by the large note, they have never been paid. But it has been frequently decided, that a usurious note, declared void b.y the statute and which the promisor has avoided, by a de *132 fence on the statute, is null and void, and does not operate as a payment of a preexisting debt. Johnson v. Johnson, 11 Mass. R. 363; Stebbins v. Smith, 4 Pick. 97. The notes then remained in the same condition as if the note for $200 had not been given, except that the notes themselves had been delivered up to the promisor; but this being done under a mistaken belief, that the plaintiff had received another and valid security for them, which the defendant himself has avoided, the presumption of payment arising from such surrender of the notes is rebutted.[1]
But a circumstance which is supposed to distinguish the case at bar, from the cases cited, is, that the plaintiff indorsed over his note “ without recourse,” and may be presumed to have received the amount from the indorsee, and so if he re covers in this case, he may receive his pay twice. If this .s relied on as an argument addressed to the equity of the Court, it may be answered by one of at least equal force; that as Byrom, who by the supposed case has paid the value of the note, has been defeated in his claims to recover, by the defendant himself, on the ground that the note was void, and as Byrom had no other security than the note, if the defendant can successfully resist this action, he will be forever exempt from liability to pay notes, admitted to be valid, and never paid. But the plain legal answer is, that nothing passed to the indorsee by this indorsement, and this the result of the suit brought by the indorsee against the promisor has established. It was no transfer of the legal interest in the notes now claimed. At most it could only be an assignment in equity of these notes, which would not prevent the promisee from maintaining an action in his own name, as the legal holder of the original notes. This distinguishes the case from that of Mosher v. .Si-ten, 16 Mass. R. 451, where the legal interest passed by the indorsement, and where the promisee expressly repudiated the action brought in his name by the indorsee. If this suit were brought on the note for $ 200 which had been indorsed and the suit were repudiated by the present plaintiff, the cases would be parallel.
*133 It was said in argument, that the suit was not brought for the benefit of Byrom. But this does not appear, nor is it material. If the plaintiff has a legal cause of action, upon a demand which has not been paid, and upon notes which have not been indorsed, it is sufficient to enable him to recover in a court of law, without inquiring whether he will or will not be equitably bound to account to another for the proceeds when recovered.
A doubt was expressed, whether the plaintiff could recover upon the count for money had and received, because it did not distinctly appear, whether the notes given up at the time of taking the new note, were held by the plaintiff’ as promisee or indorsee, and it was contended, that on a note held by him as indorsee, money had and received would not lie. But we think it makes no difference. It was admitted that they were cash notes duly indorsed to the plaintiff, of which the promisor had notice and which he undertook to pay, and as such they establish a privity of contract between indorsee and maker, and constitute sufficient legal proof of money held by the maker to the use .of the holder.

Judgment on the verdict.

 See Hammond v. Hopping, 13 Wend. 505, Rice v. Welling, 5 Wend. 595