ABIGAIL M. LOWELL, *Administratrix,* vs. CARPENTER B. JOHNSON.

Before the *statute* of 1834, *ch.* 122, " to restrain the taking of excessive usury," all securities for the payment of money loaned on any usurious contract, wherein usurious interest was reserved or secured, were merely void, although no money was actually paid.

And where money is loaned on such usurious contract, and the security in which it is reserved is avoided for that cause; the money actually loaned on such contract cannot be recovered on the money counts.

The *statute* of 1834, *ch.* 122, applies only to contracts made after the act took effect.

When the original contract is usurious, any subsequent one, made to carry it into effect and obtain the fruits of it, is also usurious and void.

EXCEPTIONS from the Court of Common Pleas, *Whitman C. J.* presiding.

The suit was brought on a promissory note dated *Dec.* 9, 1831, given by the defendant to one *Dennis Johnson,* and by him indorsed to .the intestate, *John Lowell,* deceased, for the sum of $220 payable in one year with interest. There was a special count on the note in the declaration and the money counts. Besides the general issue, there was a brief statement alleging that the note was void for usury. The facts in the case, and the ruling of the Judge of the Court of Common Pleas, appear in the opinion of the Court.

*Swasey,* for the plaintiff, contended:

1. That the note originally was free from usury, and that the usury, if any there was, was in the transfer of the note by the payee to the plaintiff's intestate; and that the maker could not escape payment of the note for that cause. He cited on this point *Dewar* v. *Span,* 3 *T. R.* 425; 15 *Petersdorf,* 175, title, *Usury;*

*Churchill* v. *Suter,* 4 *Mass. R.* 162; *Gardner* v. *Flagg,* 8 *Mass. R.* 101; *Frye* v. *Barker,* 1 *Pick.* 267; 2 *Caines' Cases,* 66; *Powell* v. *Waters,* 17 *Johns. R.* 176; *Munn* v. *Com. Co.* 15 *Johns. R.* 44; *Thompson* v. *Woodbridge,* 8 *Mass. R.* 256; *Chadbourne* v. *Watts,* 10 *Mass. R.* 121; *Bearce* v. *Barstow,* 9 *Mass. R.* 45.

2. The note, if usurious, comes within the statute of 1834, *c.* 122. The language of the statute is sufficiently broad to embrace it.

3. If there was usury in the note, and it does not come within the statute of 1834, and it is void, the plaintiff is entitled to recover under the money counts, the money actually received. If the defendant chooses to avoid the note, the parties are placed upon their original rights, and the defendant, having money of the intestate's in his hands, must pay it over on the money counts. *Smith* v. *Saxton,* 6 *Pick.* 487; *Holbrook* v. *Armstrong,* 1 *Fairf.* 31; 7 *Dane,* 542.

*Codman,* for defendant, argued, that there was evidence of an arrangement to have the note made for the purpose for which it was used, and that therefore it was usurious in its inception; that it did not come within the statute of 1834; and that there could be no recovery on the money counts, where the consideration at the beginning was tainted with usury, as this was. The statute, *Rev. St. c.* 19, expressly provides, that the money loaned on an usurious contract shall be forfeited. The case where the money can be recovered, is only where originally there was no usury. *Johnson* v. *Johnson,* 11 *Mass. R.* 359; *Warren* v. *Crabtree,* 1 *Greenl.* 167.

The opinion of the Court was drawn up by

SHEPLEY J. — This case comes before the Court by a bill of exceptions, taken to the instructions given to the jury, on trial of the action in the Court of Common Pleas.

The first direction of the Court excepted to is, " that if the jury should believe and find the fact as testified to by the witness, it would render the note usurious."

It is contended for the plaintiff, that the first note was not usurious, the contract being pure in its original inception; and the usury, if any, was in the transfer of the note. The law in relation to con-

tracts of this character seems to be well settled; and if there be any difficulty, it must be in the application of it to the facts in the case. The security is not void, unless the usurious interest was reserved by the contract. Even where usurious interest has been received upon the contract, it is not thereby vitiated, when the usurious interest was not originally contracted for. 8 *Mass. R.* 101, *Gardner* v. *Flagg*; *id.* 256, *Thompson* v. *Woodbridge.* A contract which secures unlawful interest is void, though the usury is never received. 10 *Mass. R.* 121, *Chadbourne* v. *Watts.* A security originally good is not to be impeached on account of an usurious transfer. 2 *Cain. Cas.* 66, *Bush* v. *Livingston.* When the original contract is usurious, a subsequent one made to carry it into effect, and obtain the fruits of it, is usurious. 1 *Greenl.* 167, *Warren* v. *Crabtree.* But where the security is usurious between the parties to the contract, if the debtor procure a third person to satisfy that contract by giving his own security, in which there is nothing usurious, such third person cannot avoid his contract for usury; because he has not been a party to any usurious contract. 9 *Mass. R.* 45, *Bearce* v. *Barstow.* A security may be put into the market and sold like other property, at a greater discount than the legal interest; if it be done without any knowledge or previous arrangement, that the security was to be used in that manner to conceal a corrupt bargain. 4 *Mass. R.* 156, *Churchill* v. *Suter.* The first note, spoken of in the testimony in this case, was given for two hundred and twenty dollars. *Daniel Johnson,* for whose benefit the note was made, was not a party to it, and he passed it to the plaintiff's intestate, receiving two hundred dollars for it. If the evidence had proved this to have been a sale of it, in the manner before stated, it could not have been avoided for usury. But the witness says, " he went with the said *Daniel* to the house of the said intestate and there received of him the sum of two hundred dollars, and no more, for said note, *according to a previous arrangement made between the said Daniel and the said intestate.*" This evidence proves, not a sale, but that the note was originally made by agreement between the borrower and lender for the very purpose of securing twenty dollars more than the legal interest; and it was therefore within the statute and void. The counsel for the plaintiff insists, that such a conclusion ought not to be drawn from the tes-

timony, because the language is too indefinite and general to prove a previous corrupt bargain ; and that the particulars of such a bargain ought to have been stated. The testimony seems to have been received without objection, and if the counsel did not object to it, or make it more particular by cross-examination, it is too late to make the objection now, when this Court can only act upon it as it finds it. The second note was for two hundred and twenty dollars, and this with twenty dollars in cash, was exchanged for the first note. The third note, now in suit, is for the like sum ; and it was substituted for the second note, twenty dollars in cash being paid at the same time. The consideration of this note could only be the amount of two hundred dollars due on the second note after payment of the twenty dollars ; and it secured twenty dollars more than the legal interest; and the instructions on this point were correct.

The second instruction, which is the subject of complaint is, in substance, that the plaintiff was not entitled by the act of the eighth of *March,* 1834, to recover ; this note not being subject to the operation of that act. The plaintiff's counsel insists, that the act operates upon then existing, as well as upon future contracts ; and cites the language of the latter clause of the second section in support of this position. And it is true, that the language of that clause is general ; being, " and if upon any bond, contract, mortgage and assurance, *made* for the payment of any money lent" ; there being no reference to contracts future in it. But the first clause of the second section reads, " that if any person or persons, upon any contract *hereafter made,* shall take directly or indirectly, for loan of any moneys, wares, or merchandise, or any other commodities, above the value of six dollars for the forbearance of one hundred dollars for a year, and so after that rate for a longer or shorter time" ; and then follows the language of the second clause quoted. If the words " upon any contract hereafter made" do not operate upon the whole section, as well upon the last, as upon the first part of it, they have no practical operation whatever. And the practical effect of the whole section would be the same, as if those words were not in it. No more extended argument can be required to satisfy the mind, that such could not have been the intention of the legislature ; and the instruction on this point was also correct.

The third cause of complaint is, substantially, that the Judge refused to instruct the jury " that although the note may be usurious and void, she may legally rely upon the money counts and thereby recover of the defendants in this action the sum of money, which the defendants in fact received of the said intestate with interest on said sum.

The case of *Johnson* v. *Johnson,* 11 *Mass. R.* 359, decided, that, where a debt was due from the defendant to the plaintiff free from usurious taint, and a note given for that debt together with usurious interest upon it, was decided to be void, the plaintiff might recover the original debt upon the money counts. There was no corrupt or illegal contract out of which the original debt arose. In this case, the money was originally loaned, upon the corrupt bargain to receive more than lawful interest, and it cannot therefore be recovered back. Nor was there any after contract or debt free from the contamination of usury. The exceptions are overruled, and there must be judgment on the verdict.