*H. P. Biddle*, for the plaintiff.

*D. D. Pratt*, for the defendant.

---

CALDWELL and Others *v.* SHEFFER.

A decree in chancery rendered in 1841 for a certain sum was replevied in the same year, and a *fi. fa.* afterwards, in 1842, was issued against the principal and bail. The execution was levied on certain land, which was appraised under the act of 1843. *Held,* that the sheriff could not justify his not selling the land, on the ground that it would not sell for the appraised value agreeably to the last-named act.

APPEAL from the *Warren* Circuit Court.

BLACKFORD, J.—This was an action of trespass on the case, brought by *Caldwell* and others against *Sheffer* as sheriff of *Warren* county, for a false return of a *fieri facias*.

The declaration states that the plaintiffs, at the *March* term of the *Warren* Circuit Court in 1841, recovered against one *Murdock* and his wife, in a suit in chancery, the sum of 350 dollars and costs; that in *April*, 1841, one *Gilbert* bound himself on the order-book of said Court as replevin-bail for the defendants; that in *September*, 1842, a *fieri facias* issued in the case against the judgment-defendants and bail, and, in *December* following, was delivered to the sheriff, the now defendant, to be executed; that on the 15th of *February*, 1843, the said sheriff levied the execution on certain lands of the execution-defendants sufficient to satisfy the execution; that after due notice had been given, and after the rents and profits had been offered for sale, the sheriff offered at public auction the fee-simple in said lands; that the sum of four hundred and sixty-seven dollars was bid for the property, and the same was offered to be paid by the bidder; that the sheriff refused to sell the lands, and returned the execution, stating in his return that he had offered the lands for sale, but received no bid to the amount of the appraisement, the lands having been appraised, &c. at 700 dollars. The declaration further avers, that the sheriff falsely returned that there was no sale for want of bidders.

The defendant pleaded as follows: That by an act of the legislature, approved the 11th of *February*, 1843, and filed in the clerk's office of the *Warren* Circuit Court on the 21st of that month, it was enacted that no property, real or personal, should be sold on execution for less than its appraised value, &c.; that the defendant, after the execution came into his hands, &c., had the lands which had been levied on as aforesaid appraised pursuant to said law, and that the same were appraised at 700 dollars; and that as he received no bid at the sale equal to that sum, he returned the execution as alleged in the declaration.

Demurrer to the plea, and judgment for the defendant.

According to the decision of the Supreme Court of the *United States* in *M'Cracken* v. *Hayward*, 2 Howard, 608, the statute relied on in the plea is, so far as regards a case like the present, in violation of the constitution of the *United States*. That decision is obligatory on this Court. We must

*May Term, 1846.*

CALDWELL
v.
SHEFFER.

decide, therefore, that the plea is bad, and that the demurrer to it should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler*, for the appellants.

*G. B. Joiner*, for the appellee.