## Frank Perkins *vs.* George W. Cummings.

A negotiable promissory note, part of the consideration of which is liquors unlawfully sold,
is wholly void, in the hands of the promisee; and the mere giving of such a note, in
discharge of a claim on a third person, is not a payment of the claim, which will enable
the giver to recover of such third person the amount of the note, in an action for
money paid.

Action of contract to recover the sum of $90.82, paid by
the plaintiff to Fowler, Seavey & Co. for the defendant.

At the trial in the court of common pleas, the following facts
were in evidence : In 1851, the defendant desired to purchase
intoxicating liquors of Fowler, Seavey & Co. who were not
licensed to sell the same ; and at their suggestion it was agreed
by the plaintiff and the defendant that the plaintiff should
become responsible for whatever goods should be delivered by
them to the defendant. Intoxicating liquors were delivered by
them to the defendant, upon the credit of the plaintiff, to the
amount sued for, mostly in quantities of less than twenty eight
gallons ; and the greater part thereof were charged to the plain-
tiff, and the remainder to the defendant. Said firm, after
repeated demands on the defendant for payment, which he
neglected to comply with, and before the commencement of
this action, demanded payment of the plaintiff for the liquors
so sold and delivered, and the plaintiff gave them his negotiable
promissory note, payable on demand, with interest; and they
received the note in payment for the liquors. The note had
never been paid, nor the account receipted.

*Wells,* C. J. ruled, " that as it appeared by the evidence that part of the consideration of said note was illegal, it was not a payment which would enable the plaintiff to sustain his action, and directed the jury to return a verdict for the defendant." A verdict was returned accordingly, and the plaintiff alleged exceptions.

*B. Poole,* for the plaintiff, cited *Petrie* v. *Hannay,* 3 T. R. 423, 424 ; *Ford* v. *Keith,* 1 Mass. 139 ; Chit. Con. (8th Amer. ed.) 521.

*A. P. Bonney,* for the defendant.

METCALF, J. A part of the consideration of the note given by the plaintiff to Fowler, Seavey & Co. was unlawful; being liquors unlawfully sold by them. The note, therefore, in their hands, is wholly void, and the plaintiff may successfully resist payment of it to them. *Featherston* v. *Hutchinson,* Cro. Eliz. 199. *Waite* v. *Jones,* 1 Scott, 735, and 1 Bing. N. C. 662. *Scott* v. *Gillmore,* 3 Taunt. 226. *Gaitskill* v. *Greathead,* 1 Dowl. & Ryl. 359. *Deering* v. *Chapman,* 22 Maine, 488. *Carlton* v. *Bailey,* 7 Foster, 230. 1 Leigh's Nisi Prius, 41. The mere giving of such a note by the plaintiff, in discharge of a claim on the defendant, is not a payment of the claim, that will enable the plaintiff to recover of the defendant the amount of the note, in an action for money paid. If the plaintiff could recover in this action, and should refuse to pay the note, he would obtain of the defendant, for nothing, the price of all the goods, lawfully and unlawfully sold, and leave him still liable to the sellers, as far as he ever was liable, in an action for goods sold and delivered. For when a security, taken in payment of a demand, is void and is avoided, the creditor may bring an action, and recover, on the original cause of action. *Johnson* v. *Johnson,* 11 Mass. 359. *Leonard* v. *Trustees of Society in Taunton,* 2 Cush. 464.

If the note shall be collected of the plaintiff by a *bona fide* indorsee, or if he shall pay it, or any part of it, to the promisees, his claim on the defendant may be presented on different grounds. *Exceptions overruled.*