## AMBLER VS. RUDDELL.

The defence of usury cannot be interposed, by the statutes of this State, under the plea of the general issue, in actions of debt or assumpsit founded on contracts in writing, (*Howell vs. Vansant*, 2 *Eng.* 146), but if the action is founded on a promise not in writing, the defence, of usury, may be set up under the general issue, whether in debt or assumpsit.

The plaintiff and defendant entered into a usurious contract for the loan of money, for which the defendant gave his writing obligatory; the plaintiff sued upon the written instrument, embracing in his declaration the common money counts; pending the suit, the writing obligatory was declared void by a court of chancery, and the plaintiff injoined from proceeding upon it: HELD, That he could not recover the money actually loaned, under the money counts.

*Writ of Error to the Independence Circuit Court.*

Hon. BEAUFORT H. NEELY, Circuit Judge.

FOWLER, for the plaintiff. That the writing obligatory for which the money advanced was the sole consideration, was void for usury, was settled by the decree of the chancellor. And the law clearly fixes usury upon the transaction. *Digest, p.* 614 ; *sec.* 5 *to* 8 ; *Weatherhead vs. Boyers*, 7 *Yerg. Rep.* 562; *Andrews vs. Pond et al.*, 13 *Pet. Rep.* 75; 3 *Stark.* 1524; *Levy vs. Brown & Fenno*, 11 *Ark. Rep.* 22.

The defence in this case was well set up under the general issue, as it is not embraced in our statute requiring pleas, in certain cases, to be sworn to. See 2 *Saund. Pl. and Ev.* 576; 8 *Black. Rep.* 116.

In contracts of this sort, which are void, or made in violation of law, the court will not enable a party, equally guilty of such violation, to recover back his money advanced ; because the illegal condition has not been performed. *Black et al. vs. Oliver*, 1

*Ala. Rep. (N. S.)* 450; 2 *Story's Eq. Juris.*, sec. 697; 2 *Greenl. Ev.*, sec. 111; *Smith on Con.* (3 *Am. Ed.*) 187, 188, 189; *Viser vs. Bertrand*, 14 *Ark. Rep.* 276; *Story on Con.*, sec. 138, 153, 187, 226.

Mr. Justice HANLY delivered the opinion of the Court.

Ruddell sued Ambler in debt, counting first on a writing obligatory, and secondly on the common money counts, and for services, &c. And pending the suit, Ruddell was enjoined, at the suit of Ambler, from proceeding on the writing obligatory, charging that it was usurious and void.

Ambler prayed for a bill of particulars of the residue of the demand, which was filed, disclosing an advance to, or payment of, money for Ambler to the amount of $513 40, and *no more*. And upon an issue on the plea of *nil debet*, the cause was submitted to a jury, which found for the plaintiff below $510 97 and debt, $4 67 damages, and judgment was rendered accordingly.

On the trial it was proven that the writing obligatory, described in the first count, had by a competent court been declared to be void, and Ruddell enjoined from further proceeding thereon, on the ground that it was usurious, &c. And it was further proven, that the said sum of $510 97, had been advanced by Ruddell to and for Ambler as a loan, and that the same constituted the sole consideration of said writing obligatory, which was dated March 1st, 1854, for $600, at four months, and to bear ten per cent. interest after maturity. Upon this evidence Ambler, moved the following instructions, *to wit:* .

"That if the jury should believe, from the evidence, that the said sum of $510 97, was given at the time, and part advanced then, and the other part afterwards, with intent to take, directly or indirectly, or to receive more than ten per cent. interest per annum, on a loan, or for the forbearance of the said sum of $510-97, and took and received such writing obligatory for that purpose, that they might find the whole contract void for usury; and if so void for usury, that said Ruddell was not entitled to recover

back his said money in this action," which the court refused to give, and Ambler excepted; but the court instructed the jury that, "although the writing obligatory was void for usury, yet that said plaintiff was, in law, entitled to recover back the money he actually advanced to and paid out for the defendant." To the giving of which, Ambler also excepted.

Ambler sued out a writ of error to the court below, upon which the cause is now pending in this court. Several errors have been assigned and insisted on, why said judgment should be reversed. We will proceed to consider them in the order in which they are presented.

The same defences are usually admitted under the general issue in debt, where the action is founded on a *parol contract* not in writing, that are allowed under the general issue in assumpsit on the same kind of contract. See 2 *Greenl. Ev., page* 291, *section* 281.

Under the general issue in assumpsit in England, until the new rules in pleading were adopted, (4 *W. IV.* 1834) and in most of the United States to this day, the defendant may give in evidence any matter showing that the plaintiff never had any cause of action, such as that the contract was void by statute, or by the policy of the law. See 2 *Greenl. Ev., p.* 123, *sec.* 135. Usury was provable under this issue as a defence. See *Levy vs. Gadsby*, 3 *Cranch Rep.* 180, per MARSHALL, C. J.; *Fulton Bank vs. Stafford*, 2 *Wend. Rep.* 486 ; *Colton vs. Lake*, 2 *Mass. Rep.* 540 ; *Jackson & wife vs. Stetson*, 15 same 54; *Colm vs. Cooper*, 8 *Blackf. Rep.* 116.

But the common law in this respect has been changed by our statutes, both in actions of debt and assumpsit, founded on contracts in writing. With us, the defence of usury cannot be interposed in such cases under the plea of the general issue. It must be specially pleaded and the plea sworn to. See *Howell vs. Vansant*, 2 *Eng. Rep.* 146.

Where the action is founded on a promise or contract not in writing, the defence of usury may be set up under the general

issue, whether in debt or assumpsit, in this State, as fully and thoroughly as at the common law, or in those States whose adjudications we have given. We, therefore, hold in the case under consideration, that the defence of usury was properly admitted in the court below under the plea of *nil debet* to the money counts.

There can be no doubt but that the writing obligatory, described in the plaintiff's declaration, was void for usury. The evidence of the witness sworn in the court below, conclusively shows this fact. Besides this, the decree of the Independence Circuit Court in Chancery places the matter beyond enquiry. It is *res adjudicata* as far as the parties, or their privies, are concerned. It is also manifest, from the evidence adduced, that the money specified in the plaintiff's bill of particulars, given as the particulars of the demand claimed under the common counts, under which the trial was had in the court below, was the *sole* and *only* consideration for which the writing obligatory, described in the first count, was executed. It is further manifest from the testimony, that the execution of the writing obligatory, and the corrupt agreement in relation to the advance, as a loan, of the sum of $510 97, were contemporaneous acts—the $600 writing obligatory being given by the defendant for the loan and forbearance of the amount advanced ($510 97,) for four months under such contract, and at the time it was made. The writing obligatory was not canceled by the contract of the parties after its execution, nor was there any agreement made by the defendant, as far as the evidence shows, with the plaintiff, after the writing obligatory was declared void for usury by the Circuit Court of Independence county, in chancery, whereby he promised the plaintiff, in consideration of the amount actually loaned, and the fact of the destruction and cancelment of his obligation by the decree of the court, that he would pay the amount borrowed with lawful interest. If such proof as this had been introduced on the part of the plaintiff, the case might have been different with him. But, as the case stands, the simple question presented by the assignment of errors, is this: If a contract is made in writing, whether under

seal or not, and the instrument is declared by a court of competent jurisdiction, *void*, on account of usury, whether the party can recover at law, on the common counts upon the original consideration, without a new promise?

It is an unquestionable proposition of law, that after usurious securities have been destroyed by mutual consent, a promise by the borrower to repay the principal and legal interest, is founded on a sufficient consideration, and is binding    See *Barnes vs. Hadley*, 2 *Taunt. Rep.* 184; *Kilbourne vs. Bradley*, 3 *Day* 356; *Scott vs. Lewis*, 2 *Conn.* 132; *Church vs. Tomlinson*, 2 *Ib.* 134; *Botsford vs. Sanford*, 2 *Ib.* 276; *Bank of Monroe vs. Strong*, 1 *Clark Rep.* 76; *Hammond vs. Hopping*, 13 *Wend. Rep.* 505.

But as we have before remarked, there was no evidence offered at the trial below, tending to prove that the original contract was destroyed by the mutual agreement of the parties, or that the defendant promised the plaintiff, after the decree in chancery declaring the writing obligatory executed *void*, that he would pay him the sum actually loaned. The plaintiff, therefore, has not brought himself within either the letter or spirit of the law we have quoted; but must rest his demand upon the law, as it is under the circumstances, and facts shown by the proof to exist in his case now under consideration: for the reason of the rule, as laid down by the various adjudications which we have referred to, seems to be this : that inasmuch as an actual agreement between the borrower and lender, on the one part, to pay, and the other part, to receive, more than the legal rate of interest, is necessary to constitute usury ; so an actual agreement between the same parties or their legal representatives, to cleanse the transaction, is also necessary to render any subsequent promise for the payment of the original principal, valid.    And the legality of the subsequent promise of the borrower rests on the offer of the lender, *to expel every particle of the original virus from the transaction, and to deliver up all the securities therefor, however remote and multiplied :* and not, as has been sometimes said, upon the moral obligation of the borrower to pay the original sum received,

for without such proffer by the lender, any subsequent promise of the borrower is equally void as the first.    See *Blydenburgh on Usury, p.* 96, *et seqr*.

In the case of *Hammond vs. Hopping,* 13 *Wend. Rep.* 505, before referred to, it was held, that "Where a usurious security is given in part for a *pre-existing valid debt,* such debt is not destroyed by the illegal security.    But though a usurious contract contains a good consideration in fact, as when money is actually lent and received by the borrower, yet, the security being absolutely void, no action can be maintained upon it, nor is it evidence of indebtedness, upon the strength of which the law will *imply* a promise on the part of the borrower to pay the amount actually received by him."    And in *Rice vs. Willing et al·* 5 *Wend. Rep.* 595, it was held that "when the agreement between the parties is usurious, (although such agreement is founded on a good consideration) it is *void*."    In the case of *Johnson vs. Johnson,* 11 *Mass. Rep.* 359, it was decided that when a debt was due from the defendant to the plaintiff, free from usurious taint, and a note given for that debt, together with usurious interest upon it, the new note was held void on account of the usurious interest exacted ; yet, the plaintiff might recover the original debt upon the money counts.    This, however, was put and made to turn upon the express ground, that there was no corrupt or illegal contract, out of which the original debt arose.

But in the case of *Rice vs. Willing,* 5 *Wend. Rep.* 578, *before cited,* SUTHERLAND, Judge, said: "'In every usurious loan of money, there is good consideration in part for the promise to pay.    The borrower actually receives the money from the lender, yet the security given being absolutely void, the sum actually loaned cannot be recovered upon the implied assumpsit, although it will be a good consideration for a subsequent promise to pay it, as held in *Easly vs. Mahon,* 19 *Johns. Rep.* 150.    Usury infects and avoids the whole of every contract, agreement or transaction, into which it enters."

The case of *Lowell vs. Johnson,* 14 *Maine Rep.* 240, was simi-

lar, in its facts, to the one we are considering. In that case, the suit was brought on a note. There was a special count on the note, and the money counts. The plea of the general issue was interposed with notice of special defence under the statute of that State. The note was declared void on account of usury, and an attempt was made to recover on the consideration of the actual loan, on the common counts; and SHEPLEY, Judge, in delivering the opinion of the court, said : "In this case the money was originally loaned upon the corrupt bargain to receive more than lawful interest, and it cannot therefore be recovered back. Nor was there any after contract or debt free from the contamination of usury."

There is another view in which the case we are considering presents itself to our minds, under the structure of our statute of usury, taken in connection with the adjudications upon the statutes of England, and the other States of this confederacy on the same subject. It will be borne in mind, that some of those statutes, besides declaring the contract infected with usury absolutely *void*, prescribe a penalty in addition thereto, for a violation of their provisions. Our statute affixes no distinct penalty beyond the provision by which the contract itself is made *void*, which, under the law, accrues to the party with whom it is made, and who is supposed to be the sufferer by its breach. If the usurer could recover upon the money counts, after the usurious security had been declared *void* on account of the usurious *taint*, the penalty which the statute seems to contemplate would be defeated and avoided, and the act itself be shorn of that which must make it effective of the ends evidently designed by the Legislature in its enactment, judging from its tenor, and scope of its provisions, independent of the mischief which it was evidently designed to remedy and correct.

We have been unable to find a single adjudicated case which militates against the views we have expressed, except in those States where the usury statutes affix no penalty to the act constituting their violation, other than the forfeiture of the excess of interest

over the statutory rate. In such States, the courts, both law and equity, do nothing more than purge the contract of the usury and give judgment for, or decree the sum actually loaned with legal interest. Such statutes do not destroy or annihilate the security, as does ours, but simply interpose between the necessitous borrower and rapacious lender; staying the exactions of the latter, whilst they require the former to restore that which he had gotten under the pressure of necessity, with what the law considers just compensation for its use, the statutory rate of interest.

We have nothing to do with the policy of our statute, when contrasted with others. Such considerations as these, belong to another department.

From a careful review and patient consideration of the authorities, there can be no doubt, we think, that under the particular facts of this case, the plaintiff was not entitled to recover, upon the common counts, the amount of money actually loaned by him to the defendant.

We hold, therefore, that the court below erred in instructing the jury as stated, and also in refusing to give the instruction, asked for by the defendant, Ambler.

For these errors, we reverse the judgment of the Circuit Court of Independence county, and remand the cause to that court to be proceeded in according to law, and not inconsistent with this opinion.