## William T. Richardson *versus* Daniel Beede, Jr.

The case of receipts is an exception to the general rule that oral testimony is not admissible to vary or contradict a written instrument.

They may always be explained by oral testimony, although purporting to be in full of all demands.

At the trial of this action, which was brought on an annexed account, the defendant offered a receipt purporting to be in full of all demands, which the plaintiff was allowed by the Chief Justice presiding, being a witness for himself, to explain, by stating the circumstances under which it was

given. To this the defendant objected upon the ground that it was not competent for the plaintiff to vary or contradict the written receipt, except to show that it had been obtained by fraud or mistake. The verdict being for the plaintiff, the defendant excepted to the admission of the testimony.

*Record* and *Walton* for defendant.

*Morrill* and *Fessenden* for plaintiff.

Receipts are not in all cases conclusive. Rollins v. Dyer, 16 M. R., 475.

RICE, J.—Assumpsit on an account annexed to the writ.

During the trial the defendant introduced the following receipt from the plaintiff:

YARMOUTH, Nov. 6, 1854.

Received of Daniel Beede, Jr., sixty-five dollars in full of all demands.        (Signed,) WILLIAM T. RICHARDSON.

The plaintiff being a witness for himself upon the stand, was asked by his counsel to state the circumstances under which the receipt was given.

To this the defendant objected, upon the ground that it was not competent for the plaintiff to vary or contradict the written receipt, except to show that it had been obtained by fraud or mistake; but the court overruled the objection and the plaintiff was permitted to testify.

So far as a receipt goes only to acknowledge payment or delivery, it is merely *prima facie* evidence of the fact, and not conclusive; and therefore the fact which it recites may be contradicted by oral testimony. 1 Greenl. Ev., p. 305.

The case of receipts is an exception to the general rule that oral testimony is not admissible to contradict or vary a written contract. They may always be explained by oral testimony. Brooks v. White and als., 2 Met., 283; Stackpole v. Arnold, 11 Mass., 27; Johnson v. Johnson, 11 Mass., 359; Rollins v. Dyer, 16 Maine R., 475; Wilkinson v. Scott, 17 Mass., 249.

The fact that this receipt purports to be in full of all demands, does not change the rule. The authorities cited by

the defendant's counsel are all adverse to his position on this point.

*Exceptions overruled, and judgment on the verdict.*