By the Court.—Bosworth, Ch. J.
I. The eleven thousand dollars first loaned were borrowed by Wilkins; Beecher was not originally connected with the loan as principal, agent, or surety. The plaintiff, subsequently to the loan, bought of Wilkins the interest of the latter in the contract to construct the Mineral Point Railroad; and the securities originally pledged to secure the payment of the eleven thousand dollars, and assumed the payment thereof, and so informed the defendant.
The plaintiff, therefore, was not, in fact, a borrower from the defendant of the eleven thousand dollars; nor is he a borrower of it within the meaning of the Act of 1837 (chap. 430 ; Schermerhorn v. Talman, 14 N. Y., 93, 126, 131).
He cannot reclaim those securities without paying the eleven thousand dollars and interest thereon; and by assuming the payment of it, as part of his contract of purchase, is personally liable to pay it (Hartley v. Harrison, 24 N. Y., 170; Burr v. Beers, Id., 178; and see Murray v. Judson, 5 Seld., 73).
H. The complaint should not have been dismissed at the trial merely because it did not contain an offer to pay the eleven thousand dollars. The plaintiff was entitled to a judgment that, on paying that sum with interest and the costs of the action, the securities originally pledged for the payment of it should be surrendered to him (Schermerhorn v. Talman, supra, 129, 142 and 143).
HE. The securities subsequently pledged, as well to secure a usurious loan made at the time of the pledge, as the original loan of eleven thousand dollars, cannot be retained as security for the payment of the eleven thousand dollars. The taint of usury destroys the whole security; makes the contract void in toto, and in every of its parts. The plaintiff has an unqualified right to a restoration of all such securities (Rice v. Welling, 5 Wend., 595; Jackson v. Packard, 6 Id., 415; Hammond v. Hopping, 13 Id., 505). The cases last cited are decisive, that the note for thirty thousand dollars is void. It should be given up.
IY. There is no consideration for the guaranty except the usurious loans, in payment of which the acceptances to which the guaranty relate, were received. The acceptances themselves being delivered and accepted as payment, the defendant has a right to retain them. The obligation or note of the plaintiff for the sum thus paid, if received alone, would be *150 clearly void under the decisions above cited. It is difficult to perceive that a' guaranty of the payment of the notes, received in payment, is not as clearly void. That must be surrendered.
The judgment must be modified to conform to these views, and, as thus modified, affirmed. If the parties cannot agree what securities were originally pledged to sécure the payment of the eleven thousand dollars only, so as to specify them in the judgment to be entered hereon, there must be a reference to ascertain and identify them.
No costs of this appeal will be given to either party. Neither party has wholly succeeded on the appeal.