## SUPREME COURT.

MAXIMILIAN FLEISCHMANN and others, appellants, agt. EMIL STERN, respondent.

*Promissory note —Maker and indorser —Action brought against both where maker fails to answer, proceedings in — Usury —when indorser estopped from setting up — Complaint —Amendment —Estoppel — when doctrine does not apply.*

Where an action is brought against the makers and indorser of a promissory note, and the makers fail to answer and a judgment of severance is entered against them, pursuant to section 456 of the Code of Civil Procedure:

*Held,* that the action thereafter may be treated as though the indorser had been sued alone.

Where the defendant, as indorser of an accommodation note, got his creditor to discount it at a usurious rate of interest, in payment of a past indebtedness upon the statement that it was business paper:

*Held,* that he was estopped from setting up usury, and that the case of *Payne* agt. *Burnham* (62 *N. Y. R.,* 69) was no authority, as the passing of the note operated as a payment *sub modo* of the indebtedness until the maturing of the note.

Where an action is brought against the indorser of a promissory note, who was the original debtor, and the complaint states that he was indebted to the plaintiffs for goods sold and delivered in an amount about equal to the note, and that was proved by the defendant:

*Held,* that it was the duty of the judge before whom the action was tried, to direct a verdict for the amount of the goods, and, if an amendment to the complaint were necessary, to have ordered it on the spot.

APPEAL from judgment on verdict directed by the court, and from order denying motion for new trial on the minutes.

*C. Bainbridge Smith,* for appellants.

*A. R. Dyett,* for respondent.

DAVIS, *P. J.* — By the default of the respondent's codefendants and the judgment entered thereon, and the order of severance pursuant to section 456 of the Code, this action is to be

treated as though the respondent had been sued alone. The complaint alleges that the respondent, being indebted to the plaintiffs for goods and merchandise in the sum of about $1,000, delivered to the plaintiffs therefor a promissory note of Z. Stern & Co., a copy of which note is set out in the complaint, and that the respondent thereupon indorsed and guaranteed the payment of the note; that when the note became due it was presented at the place where it was payable and payment duly demanded and refused, and thereupon the note was protested and the respondent duly notified. It then alleged that there was due and owing to the plaintiff, on the note, the sum of $1,000, and interest from the 16th of January, 1878, and proceeded to demand judgment for the sum of $1,000, with interest. The answer admits, by the absence of denial, the several allegations of the complaint. It sets up as a defense to the note that it was made by Z. Stern & Co., without any consideration whatever, for the accommodation of the respondent, and that the respondent indorsed and delivered the same upon a usurious agreement, under which the plaintiffs are alleged to have discounted the note at a greater rate than seven per cent per annum, wherefore the respondent insists that the note was usurious and void. On the trial the respondent, having the affirmative under the pleadings, put in evidence and proved the account of the plaintiffs against him for goods sold and delivered, amounting to $941.92, and that the note of Z. Stern & Co. was discounted by the plaintiffs, by the application of the same as a credit upon said account, at a discount of nine per cent for interest thereon for the time the note had to run; that the amount of the account was $941.92, and that the proceeds of the note at such discount were $977.75, leaving a balance in favor of the respondent, over and above the account, of thirty-five dollars and eighty-three cents, for which he was then credited in the books of the plaintiffs, and that subsequently that balance was applied in part payment of another bill of goods sold to him by the plaintiffs.

Fleischmann agt. Stern.

It was shown that the note was in fact accommodation paper, for which the makers received no consideration. On the part of the plaintiffs evidence was given tending to show that the note was represented by the respondent as business paper, given by the makers to him for bills receivable then delivered by the respondent to them.

At the close of the testimony the court ruled that there was no question of estoppel to be submitted to the jury, the respondent having assented to the direction of a verdict for the plaintiffs for thirty-five dollars and eighty-three cents and interest, which was the balance credited to him, and subsequently applied as aforesaid. To this ruling the plaintiffs excepted. The plaintiffs asked the court for a direction that they were entitled to a verdict for the amount or value of the goods sold, and the plaintiffs also asked to go to the jury as to whether the respondent represented to the plaintiffs at the time the note was discounted that it was a business note. Both these requests were overruled and due exceptions taken. The court then directed a verdict for the plaintiffs for thirty-nine dollars and sixteen cents. Afterwards, upon due notice, a motion was made upon the grounds specified in the notice for a new trial upon the minutes of the court. The motion was afterwards heard and denied, and an appeal is taken from such denial.

The court held that there was no room for the application of the doctrine of estoppel in this case, because the existing indebtedness of the plaintiffs could not be considered as an advancement in reliance upon the representations of the respondent. This ruling was based upon *Payn* agt. *Burnham* (62 *N. Y.*, 69), where the court held that a payment of a part of the purchase-money on the usurious sale of a mortgage which had been paid before any representation as to the character of the mortgage had been made, could not be considered as having been induced by the representations, and, therefore, was not affected by the doctrine of estoppel *in pais*. That case is not, however, an authority for the ruling of the court below, for it does not hold that a representation as to

the character and validity of a note payable *in futuro*, which is delivered and received to apply upon a prior indebtedness, and which operates of necessity as a payment *sub modo* of such indebtedness until the maturity of the note, cannot be an estoppel against the allegation of usury. What the party who makes the representation gains, and induces the other party to part with, is the extension of the time of payment, for it is settled that a party receiving such a paper, though it be usurious, cannot avail himself of the fact to enforce the original indebtedness until after the instrument matures, or until it be repudiated as usurious by its makers or indorsers (*Barrington* agt. *Wagner*, 33 *N. Y.*, 31, *and cases there cited*).

The respondent, therefore, in this case, assuming that the representations claimed by the plaintiffs were in fact made, gained, according to these authorities, the absolute right to insist that the original indebtedness to the plaintiffs on the account was extinguished, or its payment extended until the note should become due and be dishonored; and having secured to himself and enjoyed the benefits which were, according to the authorities, a valuable consideration, it is difficult to see why the doctrine of estoppel ought not to prevent him from asserting the falsity of the representations by which he accomplished that purpose.

But whether this be so or not, we think the case was clearly one in which, upon the facts before the court, the plaintiffs were entitled to recover the amount of his account for goods sold and delivered. They had set out the indebtedness upon the account in their complaint, and the fact in respect of the giving of the note for that indebtedness, and the non-payment of the note at its maturity; and they demanded judgment for a sum about the same as the amount stated in the complaint. And the respondent, in making his alleged defense, established the fact that such an account actually existed and was owing, and that the note was delivered and applied upon the account, and other facts upon which the court held that the note was usurious and void. There was enough, therefore, before the

court, assuming that the rulings were right in the exclusion of the estoppel, to have justified and required the court to direct a verdict for the amount of the account. We think the cases go fully far enough to uphold such a ruling; and as the action had become one solely between the plaintiffs and this defendant, who was the original debtor, by the severance, there was no difficulty, in our judgment, if an amendment of the complaint were deemed necessary, to have directed it upon the spot, so that the plaintiffs could recover upon the averments and the proofs, what they clearly were entitled to receive from the defendant, to wit, the amount of their account.

The cases on this subject are numerous, and would, in our judgment, have upheld such a ruling upon the part of the court (*Farm. & Mech. Bank* agt. *Joslyn*, 37 *N. Y. R.*, 353; *Gerwig* agt. *Sitterly*, 56 *id.*, 214; *Jagger Ins. Co.* agt. *Walker*, 76 *id.*, 521; *Patterson* agt. *Birdsall*, 64 *id.*, 294; *Cook* agt. *Barnes*, 36 *id.*, 520; *Winsted* agt. *Webb*, 39 *id.*, 325; *Hill* agt. *Beebe*, 13 *id.*, 556; *Conlan* agt. *Wood*, 6 *Weekly Dig.*, 379; *Rice* agt. *Welling*, 5 *Wend.*, 595, 597).

The judgment must be reversed and a new trial ordered, with costs to abide the event.