Where a note is given in renewal of a former note, and a *premium* or interest above *seven* per cent. is exacted for the renewal, the new note is usurious and void, although a separate note was given by the maker for the premium. But the antecedent debt is not thereby destroyed.

And where a note so made in renewal, on an usurious consideration, was passed by the defendant to the plaintiff, in part of the consideration for the sale and conveyance of land; *Held* that the plaintiff, who had sued the endorser of the note, and failed to recover, because of the usury, might maintain an action of *assumpsit* to recover the amount, on the original contract, the note being a nullity.

### SWARTWOUT *against* PAYNE.

THIS was an action of *assumpsit*, tried at the *Albany* circuit. in *October*, 1820, before Mr. Justice *Woodworth.* The declaration contained four counts : the first count was for a certain piece of land of the plaintiff before sold and released to the defendant, &c. 2. *Quantum valebat* for the same. 3. For money lent, and money paid, and money had and received, &c. 4. On an account stated. Plea *non assumpsit.*

It appeared in evidence, that the plaintiff and his wife, by a deed, bearing date the 31st of *May*, 1817, sold and conveyed to the defendant, all his interest in a piece of land in *Schodack*, and, in part payment of the purchase money, the defendant gave to the plaintiff a promissory note, for four hundred dollars, drawn by *Titus Goodman*, *jun.*, dated *May* 6th, 1817, payable to the order of *N. J. Visscher*, sixty days after date, endorsed by *Visscher*, and by *T. Goodman.* The defendant, at the time he delivered the note to the plaintiff, assured him, that it was as good as the bank ; and that on leaving the note at the bank, he could get the money, when it became due. Something was said about the defendant's endorsing or warranting the note, but the witness did not hear the plaintiff request the defendant to endorse it, but the defendant said the note was good.

The plaintiff offered in evidence, the record of a judgment of nonsuit, in an action brought in this Court, by the plaintiff against *Visscher*, as endorser of the note ; and he offered to show, by parol, that the judgment of nonsuit was rendered on the ground that the note was usurious. The admission of this evidence was objected to by the defendant's counsel, but the judge declined to give any opinion, being related to the plaintiff's wife, and admitted the evidence, reserving the point. It appeared from the record, that *Visscher*, the defendant in that suit, pleaded several pleas of *usury*, on which issue was joined, and the cause

tried in *October*, 1817, when the plaintiff was nonsuited at the trial. A motion was made, at the next term, to set aside the nonsuit, and for a new trial; and in *May* term following, the Court gave judgment for the defendant. The attorney for the plaintiff testified, that the only point made in the cause was usury, and that the evidence showed the note to be usurious. This evidence was objected to, but admitted, and the point reserved. *Henry Stark*, a witness for the plaintiff, testified, that he sold and transferred to the defendant, a note, in all respects like the one in question, except the date and time of payment, and which was payable on the 1st of *May*, 1818; that a few days thereafter, that note was taken up, and a new note given, being the one in question. That on giving up the old note, and taking the new note, *Payne* took from the maker an additional note, for a premium for renewing the note, the precise amount of which the witness did not recollect, but believed it to be fifteen dollars; and that the defendant afterwards told him that the note he took for the premium was more than fifteen dollars. That before the renewal, he understood, both from the defendant and *T. Goodman, jun.*, that the latter was to give a premium for the renewal; and that since the note was renewed, a premium had been given to the defendant. The witness saw the old note given up, and the new note delivered to *Payne*, and the premium note, also, delivered to him. Some evidence was given with a view to impeach the testimony of the witness. The jury, under the direction of the judge, found a verdict for the plaintiff, for four hundred dollars, subject to the opinion of the Court, on a case containing the above facts.

*Foot*, for the plaintiff. He cited, 2 *Johns. Rep.* 453. 4 *Term Rep.* 589.

*Huntington*, contra, contended, 1. That the record of the judgment of nonsuit ought to have been received in evidence. *Phillips' Evid.* 223. 234. 1 *Chitty's Pl.* 195. 3 *Johns. Rep.* 8. 6 *Johns. Rep.* 158. 7 *Johns. Rep.* 168.
2. That the attorney of the plaintiff ought not to have

*ALBANY,*
*January, 1822.*

SWARTWOUT
v.
PAYNE.

been admitted as a witness. 2 *Johns. Rep.* 24.   13 *Johns.' Rep.* 224.

3. That the note was not proved to be usurious.   1 *Saund.* 295. *n. a. Ord. on Usury,* 23, 24. 1 *Hen. Bl.* 462.

4. That the note, at any rate, was good in the hands of the plaintiff, and could have been recovered by him against the endorsers. 10 *Johns. Rep.* 185. *Ord. on Usury* 109.   1 *Salk.* 125. 133. 344.

5. That if the note was usurious, the plaintiff was not entitled to recover in this action, as there was no evidence of any attempt by him, to obtain the money by demand, or suit, of the parties to the note. *Ord. on Usury,* 93. *Cro. Eliz.* 25. *Bull. N. P.* 224. *Hen. Bl.* 462.

6. If any action was maintainable, it should have been an action of *deceit.*

7. That *usury,* or not, was a question of fact, and ought to have been left to the jury.   8 *Johns. Rep.* 54.

SPENCER, Ch. J. delivered the opinion of the Court.   It appears very clearly, that the plaintiff received from the defendant, a note for 400 dollars, drawn by *Titus Goodman, jun.,* payable to *N. I. Visscher,* and endorsed by *Visscher* and *Titus Goodman,* in payment for lands sold and conveyed by the plaintiff and wife, to the defendant.   The note was received as part of the consideration money, on the strong assurances of the defendant that it was as good as the bank, and that all he would have to do, would be to leave the note at the bank, and receive the money.   If it shall appear that the note was void for usury, and that the defendant knew it to be so, there can be no doubt of the plaintiff's right to recover.

I do not consider it as very material, whether we regard as evidence the proceedings in the suit brought on this note against *Visscher.*   Had the defendant been notified of that suit, and required to attend the trial, and furnish evidence to enable the plaintiff to recover, I should have considered that trial as conclusive upon his rights; (1 *Johns. Rep.* 517. 6 *Johns. Rep.* 158. 7 *Johns. Rep.* 168. *Phillip's Ev.* 227.) but the defendant had no notice of the suit, and cannot be conclu-

ded by it. The single question then is, whether the note was proved to be usurious, on this trial?

It appeared, by the evidence of *H. Stark,* that the defendant received this note, which he passed to the plaintiff, in renewal of a former note, in all respects similar to this, except the date, and that on giving up the first note, and taking the note in question, the defendant exacted and took from *T. Goodman, jun.* an additional note, for a premium for renewing the first note, the precise amount of which the witness did not know, but he thought it to be 15 dollars; and that the defendant, after the renewal, told the witness that the note he took for the premium was for more than 15 dollars. The witness saw the old note given up, and the new note taken, and the premium note delivered.

An ineffectual attempt was made to impeach the testimony of *Stark,* but it was wholly unavailing.

The first note is not shown to be usurious, and we must, therefore, consider that as a *bona fide* security, and a *bona fide* debt due from the parties on it, to the defendant. The amount of the argument on the part of the defendant is, that the subsequent usury in taking the new note, did not affect or destroy the antecedent debt, which was free from usury. This is undoubtedly true, and *Gray* v. *Fowler,* (1 *H. Bl.* 452.) and 1 *Saund.* 295. *a.* and the authorities there cited, fully maintain the position. But it is equally certain, that if, in receiving the new security, a rate of interest above *seven* per cent. was received for forbearance, the new securities are void by the statute; and in this view, it is immaterial whether the illegal interest was reserved, and made payable by a distinct note, or was incorporated into one note. They are considered as one assurance, and are all void, into whose hands soever they may come. (1 *Saund.* 295. *a.*)

The note being a nullity, according to the case of *Markle* v. *Hatfield,* (2 *Johns. Rep.* 455.) the plaintiff had a right to sue on the original contract.

Judgment for the plaintiff.