Mr. Justice Clayton
delivered the opinion of the court.
. This was an action of assumpsit upon a promissory note drawn by Sholar & Lane for $ 5283 indorsed by the decedent, Uriah Newman and others.' The defendant below pleaded non assumpsit, payment, and a special plea “that he delivered to the plaintiffs a receipt of Grayson and Griffin, attorneys at law, for a claim against the estate of James Higgins, deceased, for $ 22,983, which the plaintiffs accepted in full satisfaction and discharge of the debt in the declaration mentioned.” The plaintiffs filed a general replication to the two first pleas, and to the last replied specially, “ that at the time the said receipt was delivered to the plaintiffs, there was nothing due thereon, which fact was known to the defendant at the time, but which was fraudulently and falsely withheld by him from the plaintiffs, and- so they aver they did not and could not derive any benefit from said receipt.” To this replication, there was a rejoinder “ that the receipt was not delivered in fraud, and that the defendant did not falsely and fraudulently 'withhold from the plaintiffs, any information he possessed, in reference to said claim.” Upon this state of pleadings, *78 the parties went to trial, a verdict was found for the defendant, and the cause brought by writ of error to this court.
During the progress of the trial the plaintiffs offered to prove, that at the time of the transfer of the receipt of Grayson & Griffin, there was nothing due upon the claim from the estate of James Higgins; the evidence was objected to and was excluded by the court. A bill of exceptions was filed at the time, to the opinion rejecting this testimony. It was after-wards proven by the same witness, who was one of the attorneys of the plaintiffs, that the same receipt had been offered to him before its delivery to the plaintiffs, when he refused to take it, and informed the defendant that there was nothing due upon it.
The evidence which was offered, and rejected, we think was improperly excluded. It was proven that the defendant was informed, before the transfer, that there was nothing due upon the claim; proof that in fact nothing was due would have established the truth of the replication to the third plea. This would have shown such a fraud in law, as would vitiate the transaction and restore the plaintiffs to their original rights. Transferring the paper with a knowledge that nothing was due upon it, and the concealment of that fact, cannot be considered otherwise than fraudulent. 19 Johns. 294. 11 Johns. 409.
For this reason the judgment must be reversed, and a new trial granted.
Several other points, growing out of the instructions of the court to the jury, have been raised, and as some of these may again arise on the next trial, it is proper to give our opinion upon them.
The first of these, which we shall notice, is contained in the fourth charge, and is as follows: “That if the jury believe, from the evidence, that Uriah Newman was not notified of the non-payment and protest of said note within three days after the same fell due, by putting notice in the post-office, they must find for the defendant.” This instruction was incorrect. The true rule is, that when notice is to be transmitted by mail, it must be placed in the post-office by the morning of the day *79 next succeeding the demand,'in time to go by the first mail of that day, unless it should leave at an unreasonably early hour. It is in no case necessary to place the notice in the office on the day of the demand. This doctrine was gone into very fully by this court, and decided in the late case of Downs v. The Planters Bank, not yet reported.
The next charge we shall notice, is in these words. “ Unless the jury believe, from the evidence, that the notice of protest was sent to the last place of residence of Uriah Newman, they must find for the defendant.” This charge was also erroneous. If after reasonable diligence on the part of the holder, the residence of the indorser cannot be ascertained, an excuse is furnished for a failure to give notice. The rule, in such case, is not that it is sufficient to send the notice to the last place of residence of the indorser, or to the place at which the bill or note bears date; but that it is sufficient to send it to the office believed to be the proper one, from information acquired, upon, due diligence, to ascertain it. Chitty on Bills, 486. Nichol v. Bate & Hill, 7 Yerger, 305. Chapman v. Lipscomb, et al., 1 Johns. 292. The question resolves itself into one of diligence^which the jury must determine from the evidence; if due diligence were used, the question as to the sufficiency of the notice arises. This last question, according to some of the cases, is one of law to be determined by the^court; according to others, it is a mixed .question of law and fact to be determined by the jury under the charge of the court. It is not necessary now to pass upon this point; though our present inclination is to hold, that the whole matter as to due diligence and the sufficiency of the notice, may very properly be submitted to the jury under the charge of the court. 3 Kent, 105.
Another charge which was excepted to, was “that if the declaration avers that notice was given to the indorser, proof that diligent search was made for his residence in vain, will not support the averment.” As the cause will be revised and sent back, it will be so easy to amend the declaration to make it suit the facts, that we deem it unnecessary to do more than to *80 suggest the propriety of such amendment, reserving any opinion upon the point, until its decision may be requisite.
Other points were raised in the argument, which are not, in the view of the case here taken, necessary to be decided; they are therefore passed over.
Judgment reversed, and new trial awarded.