GEORGE LEONARD vs. THE TRUSTEES OF THE FIRST CON-
GREGATIONAL SOCIETY IN TAUNTON.

If one of two joint and several promisors, acting for himself and as the attorney of
the other, make a new note in the name of both, which is void as to the other
promisor by reason of a want of authority in the former, and such new note is
received by the promisee as the valid note of both promisors, and the original note
thereupon given up, the promisee may treat the new note as a nullity, as to the
promisor, who is not bound thereby, and may recover against him the amount
which would be due on the original note, in an action for money had and received.

THE defendants brought their action, by a writ dated March
11th, 1843, and recovered judgment therein against Ezekiel
B. Leonard and George Leonard, on a promissory note, of
which the following is a copy: —

"Taunton, Dec. 1, 1839. For value received we jointly
and severally promise to pay the Trustees of the First Con-
gregational Society in Taunton, or their order, two hundred
twenty-six dollars $\frac{62}{100}$, and interest for same till paid. E. B.
Leonard, George Leonard, By his attorney, E. B. Leonard.
Attest, Seth Presbrey."

The declaration was upon the note, and also contained a
count for money had and received.

Execution issued on the 3d of April, 1844, on this judg-
ment against both the defendants therein, for $271, debt, and
$10·35, costs, and was returned satisfied from the property of
George Leonard.

The present proceeding was a writ of review by George
Leonard, one of the defendants, and was submitted to the
court upon the following agreed statement of facts: —

The note in question was made and signed by Ezekiel B.
Leonard, for himself, and as the attorney of George Leonard,
to renew a note of the same tenor, which was signed by
Ezekiel B. Leonard and George Leonard. This note was
almost twenty years old, at the time of the renewal, but the
interest had been paid on it, by both promisors, nearly to the
date of the new note. When the latter was given, George
Leonard had removed out of the state, and had been gone a

year or more. Ezekiel B. Leonard assumed to act for and to bind him, by virtue of a power of attorney, under seal. duly executed and acknowledged by George Leonard.

The defendants offered to show, by Ezekiel B. Leonard, who had become bankrupt, and was discharged from all his debts, in 1844, and was not a party to the review, (provided he was a competent witness,) that he and George Leonard each received from the defendants one half of the money for which the note was given.

The case was argued mainly upon the question, whether the power of attorney * from George Leonard to Ezekiel B. Leonard was a sufficient authority to the latter to make the note in question, for and in the name of George Leonard. But, by the view of the case which was taken by the court, this question became immaterial, and was not decided.

*T. D. Eliot*, for the plaintiff.

*H. Pratt*, for the defendants.

METCALF, J. It is not necessary to decide whether the letter of attorney, which is made part of the case, did or did not authorize Ezekiel B. Leonard to put George Leonard's name to the note of December 1st, 1839. If it did so authorize him, there is no ground for disturbing the judgment now brought into review; and if it did not, yet we are of opinion that the judgment was properly rendered, and must be affirmed.

Assuming that the second note was void as to George Leonard for want of authority in his attorney, the promisees were entitled to recover, on the count for money had and

---

* This instrument, after giving the attorney authority to collect debts, — prosecute actions, — submit to arbitration, — make entry upon lands, — bring suits for the same, — appear for the principal in any suit or court, — sell and convey any real estate, — and, particularly, to demand, enter upon and manage, sell and convey, &c., any real or personal estate, in possession of or assigned as dower to his mother, &c., — concludes as follows : " Hereby giving to said Ezekiel B. Leonard full power and authority for me and in my name to sell, convey, and dispose of, claim, superintend, and manage all my estate, real and personal, and my concerns in said county and state, and to do in all things relating to them as I myself might do."

received, the amount of the debt which was originally secured by the first note.   That note was given for the joint and several debt of the promisors, and was not barred by the statute of limitations when the original action was commenced.   Nor was the debt discharged or satisfied by the second note.   The counsel on each side admit that both Ezekiel B. Leonard and the promisees supposed that he had authority to renew the note, and thereby bind George Leonard as well as himself. This mistake cannot impair the right of the promisees to recover judgment, on the original debt, against both the original promisors.   *A fortiori*, this right would not have been impaired, if Ezekiel B. Leonard had acted fraudulently in placing George Leonard's name on the note, knowing that he had no authority so to do.

It is well settled, that when a sole debtor gives a new security which is void or is avoided, the creditor may sue him on the original contract.   *Johnson* v. *Johnson*, 11 Mass. 359 ; *Swartwout* v. *Payne*, 19 Johns. 294 ; *Stebbins* v. *Smith*, 4 Pick. 97 ; *Sutton* v. *Toomer*, 7 Barn. & Cres. 416 ; *Atkinson* v. *Hawdon*, 2 Adolph. & Ellis, 628 ; *Sloman* v. *Cox*, 5 Tyrw. 174.   The same principle is applicable to the present case. The second note was void as to one of the promisors, who was an original debtor, and the promisees never intended to discharge him and look to the other promisor alone.   Though the second note bound Ezekiel B. Leonard, (2 Bos. & Pul. 338,) and the promisees might, if they had so elected, have recovered the amount thereof against him, yet, as they received it on the faith that it was the valid note of both, they were warranted in treating it as a nullity, and resorting to the original contract.   They might well sue both their debtors on the second note, and show, if they could, that both were liable on it.   But they might also rely on the original joint contract, if they failed to show a joint liability on the note, and recover on that contract, under the count for money had and received. A similar course was pursued in *Sutton* v. *Toomer*, before cited.                    *Judgment affirmed.*