THE WINSTED BANK *vs.* WEBB and others.

Creditors who have taken a new security, in the shape of promissory notes, upon extending the time of payment of a debt, shall not, by an allegation of their own turpitude, set aside the new security, and resort to the original indebtedness.  Yet if the debtors themselves take the initiative in avoidance of the new notes as being usurious, either by defense in a suit upon them alone, or in a suit upon the original security, the plaintiffs may recover upon the original notes.

In an action upon promissory notes, made by the defendants, the complaint alleged that after said notes matured, the same not being paid, new notes were given for the same amount, and the time of payment extended.  That the defendants claimed that the new notes were usurious and void, by reason of an illegal rate of interest being included in them, and that the defendants therefore refused to pay them.  And the plaintiffs demanded judgment for the amount of the original notes.  The defendants by their answer not only admitted that they claimed the new notes to be usurious, but distinctly set up the usury as a part of their defense.  On the trial, the plaintiffs' counsel, in opening his case, set forth the transaction as made by the pleadings, and admitted that the new notes were usurious.  *Held* that the plaintiffs, under these circumstances, might resort to the original notes, and recover upon them.

MOTION by the plaintiffs, for a new trial on exceptions.

*Hathaway & Woods,* for the plaintiffs.

*E. P. Brooks,* for the defendants.

VOL. XLVI.          12

*By the Court,* PARKER, J. The plaintiffs set forth in their complaint the making, by the defendants, of six promissory notes for $2000 each, giving copies of them, and then aver an accounting in reference to them, after they had all become due and were unpaid, the payment of a certain sum on account of the amount due upon them, and the giving of six new notes for $2000 each, to secure the same indebtedness, the payment thereof being thereby extended; and the delivery up of the first notes to be canceled. They also allege in the complaint that the defendants claim that the new notes are usurious and void by reason of an illegal rate of interest being included in them, and that they therefore refuse to pay them; and they demand judgment for the amount of the first six notes and the interest due upon them, after deducting the sum paid when the new notes were given.

The defendants, after pleading payment of the first six notes, and the canceling of the same, set forth the giving of the six new notes in lieu of the first six, and that, as a condition of receiving them for the first six, and thereby extending the time of payment, the plaintiffs required them to pay interest on the first notes at the rate of twelve per cent *per annum* from the time of their maturity, and a discount on the new notes, at the rate of twelve per cent *per annum* for the time they had to run, respectively; on which terms the arrangement was made, and the new notes given; and that such excessive interest and discount were paid by them to the plaintiffs; wherefore they insist that the new notes are wholly void. And they admit that they claim that by reason of such usurious agreement, they are not bound to pay said new notes, and that they refuse to pay the same, or any part thereof.

The plaintiffs' counsel, in opening the case, upon the trial, stated: "That this action was brought to recover the amount of six several promissory notes of $2000 each, made by the defendants in the year 1857, and which notes have been marked canceled, and surrendered by the plaintiffs to the de-

fendants; the plaintiffs taking in lieu thereof six other promissory notes of the defendants of a like amount; that the plaintiffs took more than seven per cent interest, or discount of the defendants when they received the last notes, which rendered them usurious and void. And that in consequence thereof the whole transaction was void, and hence the last notes did not operate as a payment of the first, or those given up ; and notwithstanding the plaintiffs had delivered up and canceled the first notes, they had never been paid. The plaintiffs now claim to recover the amount of them in this action, being the amount of money originally loaned by the plaintiffs to the defendants."

The defendants' counsel thereupon moved that the plaintiffs be nonsuited, upon the ground that in and by the complaint and the counsel's opening, it appeared that the six original notes had been canceled and discharged, and that the six other notes set forth were usurious and void. The motion was granted, and the plaintiffs were nonsuited.

That here is an indebtedness of the defendants to the plaintiffs to the amount claimed in the complaint, does not admit of a doubt. Nothing is better settled than that when there was once a valid subsisting debt, that cannot be destroyed by a void or invalid security. (*Rice* v. *Welling,* 5 *Wend.* 595.) In the case of *Bush* v. *Livingston,* (2 *Caines' Cas. in Error,* 80, 81,) Judge Spencer said : "In the research I have made, I have met with no authority or even *dictum,* that a security for the payment of money, in its inception uncontaminated with usury, can, by an *ex post facto* agreement for the receipt of a greater sum than the statute allows for forbearance, be rendered usurious." In *Hughes* v. *Wheeler,* (8 *Cowen,* 77,) it was held, where a usurious note was given as a substitute for a valid note which was destroyed by the parties, that an action lay on the original note. In that case the declaration contained a count upon the note substituted for the prior one, with the common money counts; and it being shown by the defendants,

upon the trial, that the note declared on was usurious, the plaintiff insisted that he might recover the amount of the old note upon the money counts ; to which it was objected that, being destroyed by both parties, that note could not be the foundation of a recovery. The plaintiff, however, was allowed in the common pleas, to recover the amount of the old note, and on error in the Supreme Court, the ruling was sustained, and the judgment affirmed. (*And see* 19 *John.* 294 ; 13 *Wend.* 505 ; 7 *Paige,* 413.)

It is insisted, however, by the defendants, that the case at bar, is within the principle of the case of *LaFarge* v. *Herter,* (5 *Seld.* 241,) which is, that a party can not be permitted to allege and prove his own breach of the laws of the land, as a ground of his recovery in an action ; and hence that "the usurer is not allowed to show that an obligation which he has taken in satisfaction of a prior demand is usurious, and therefore void, in order to avoid the effect of such obligation as a satisfaction of the prior demand." This is not inconsistent with the case of *Hughes* v. *Wheeler,* for there the defendant alleged and showed the new contract to be usurious, while in *LaFarge* v. *Herter,* the defendant set up the new contract in bar, and the plaintiff sought to show it void for usury, in order to avoid the bar which it would otherwise be.

Under the system of pleading before the Code, the plaintiff, in such cases, might count upon the usurious note, and also upon the prior one which was its consideration ; and if the defendant set up and established the defense of usury, then he might resort to the consideration. Under the Code, two counts for the same cause of action are inadmissible. Hence the plaintiffs in this case set forth the whole transaction — the giving of both sets of notes — and alleges that the defendants claim the latter set to be usurious, with a view, if they shall set up usury against the new notes, to resort to the old ones for a recovery. (*See Thompson* v. *Minford,* 11 *How.* 273.) The answer not only admits that the defendants claim the new notes to be usurious, but distinctly

sets up the usury as a part of their defense. On the trial, the plaintiffs' counsel, in opening his case, set forth the transaction as made by the pleadings, and admitted that the new notes were usurious. This, it seems to me, puts the parties in the same position as if, under the old system, the plaintiffs had counted on both sets of notes, the defendants had pleaded usury to the new ones, and made out the fact by proof, and the plaintiffs had then resorted to the old ones, as was done in *Hughes* v. *Wheeler.* Here, as there, it is the defendants that set up, on the record, and by proof, the *fact* of usury. The plaintiffs do not allege usury, in the complaint, but only that the defendants claim that the new notes are usurious. The defendants admit that they so claim, and aver the fact to be so, setting up the usury in due form, as affirmative matter of defense. The plaintiffs, on the trial, admit the facts so alleged by the defendants, which is proof of the defendants' affirmative allegations upon the record—defendant's proof. This case and that of *Hughes* v. *Wheeler* are parallel, as nearly as the two systems of pleading will admit. The case of *LaFarge* v. *Herter* was quite different. There the defendant did not set up the usury in the new security, but contented himself with showing the payment and satisfaction of the judgment on which the action was brought, by the giving and acceptance of the bond and mortgage ; and then the plaintiff offered to show the bond and mortgage taken by him to be usurious. In the case, when in this court, as reported in 11 *Barb.* 168, Judge Allen says : "The case would be different had he attempted to foreclose the bond and mortgage, and the mortgagor had set up usury. That might, within the principle, give the plaintiff all the rights resulting from the invalidity of the bond and mortgage ; and it is upon this principle that the cases relied upon by the plaintiff proceed." And in commenting on the case of *Hughes* v. *Wheeler* he says : "The plaintiff did not in that case, in an action directly upon the original note, seek to establish the usury in the second note.

The usury was proved by the party for whose benefit the statute against usury was passed, and to whom the right to set it up was secured." And again: "In *Crippen* v. *Heermance*, (9 *Paige*, 211,) as in the other cases cited, the allegation of usury came from the party protected by the statute." And again: "The mortgage being under seal, is evidence of a consideration, and none but the mortgagor, or some one in privity with him, can allege the consideration to be usurious. It can not be known that he will choose to avoid the mortgage for that reason." And when the case was in the Court of Appeals where the judgment rendered in pursuance of Judge Allen's opinion was affirmed, Judge Ruggles, who gave the opinion of the court, expressed the same idea. He says: "In respect to this question, usury must stand on the same footing as fraud. A fraudulent contract can not be avoided by the party guilty of the fraud. A party to a fraud is estopped from setting it up for his own advantage; but if his opponent alleges and proves it as a part of his own case, the guilty party will then be entitled to the benefit, while he incurs the disadvantage resulting from such a state of things."

If these plaintiffs had first brought suit on the new notes, and the defendants had set up the usury, and defeated a recovery on them, there could be no doubt that, in an action on the original notes, the plaintiffs might, in answer to the defendants' proof of the giving of the new notes in satisfaction of the old ones, show that the defendants had defeated a recovery on the new ones, for the usury. While, for aught that the defendants have done, or are doing, the plaintiffs may avail themselves of the new security, they shall not, by an allegation of their own turpitude, set it aside and resort to the original indebtedness. But if the defendants take the initiative in avoidance of the usurious notes, either by defense of a suit upon them alone, or in a suit like this, I think, under the principle of the cases, the plaintiffs may resort to the original notes, and recover upon them.

If the defendants, in their answer, had omitted to set up the usury against the new notes in this case, the plaintiffs might, I think, have recovered upon them, under this complaint. They are sufficiently set out in the complaint, and no other defense appears on the record against them. The defendants, therefore, were bound to set up the usury in their answer, or suffer the plaintiffs to recover on them. (*Wright* v. *Hooker*, 6 *Selden*, 51. *Marquat* v. *Marquat*, 2 *Kern.* 336. *Thompson* v. *Minford*, 11 *How.* 273.) But having set up the usury, and made it out by the plaintiffs' admission, the plaintiffs were remitted to the original notes, and entitled to recover on them, as in *Hughes* v. *Wheeler*.

I am of the opinion, therefore, that the nonsuit should be set aside, and a new trial granted.

Ordered accordingly.

