UNION BANK of Rochester, Respondent, v. WILLIAM W. GILBERT, Appellant, Impleaded with Another.

*Action upon a renewal promissory note — defense of usury interposed by an indorser — proof necessary to establish it — the veracity of a witness is for the jury — sale of a usurious note.*

Upon the trial of an action brought to recover the amount of a promissory note, from the maker and first indorser thereof, by a party acquiring title thereto from a second indorser thereof, where the defense of usury is set up by the first indorser, who alleges that the note was given to and accepted by the second indorser in renewal of a former note, upon the payment to such second indorser of a bonus in excess of the legal interest, it is incumbent upon the plaintiff, before he is entitled to recover against the first indorser, to establish that the note had its inception in the hands of the plaintiff; if the note had its inception in the hands of the second indorser, and he exacted (as the first indorser alleged) a greater than the legal rate of interest, and thereafter transferred the note to the plaintiff, the note would be void for usury.

Where, upon the trial of an action, brought by a bank upon a promissory note, the cashier of the bank testifies that he, himself, is the owner of such note at the time of the trial, the truthfulness of all of his testimony is for the consideration and determination of the jury, and not for the court.

An individual, liable to pay a promissory note as indorser thereon, is in a situation, in indorsing a renewal note to take up the same, to make a usurious contract, and is entitled to interpose the defense of usury in an action brought to recover the amount of the renewal note.

If a promissory note is void for usury, it cannot be rendered valid by a sale thereof to another.

APPEAL by the defendant, William W. Gilbert, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 15th day of February, 1894, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 15th day of February, 1894, denying the defendant's motion for a new trial made upon the minutes.

*John F. Dorthy*, for the appellant.

*D. W. Ross*, for the respondent.

LEWIS, J.:

The action was brought against George A. Curran as the maker and the appellant as the indorser of a promissory note dated July

24, 1893, for the sum of $300, payable three months from date. It was alleged in the complaint that the defendant Curran made the note in suit payable to the order of W. W. Gilbert, and then and there delivered the same to Gilbert, and the said Gilbert, for value received, afterwards indorsed the said note and then and there delivered the same to William Johnson, and that the said William Johnson, for value received, afterwards indorsed the said note and the same was thereupon and before it became due, for value received, duly transferred to the plaintiff, who then became and still is the owner and holder thereof; and judgment was demanded against the maker and Gilbert, the first indorser. Gilbert alone defended and interposed the plea of usury.

The plaintiff called, as its only witness, Gilman N. Perkins, who testified that he was the plaintiff's cashier; that the note in suit was given in renewal of another note of the same amount; that he supposed it was discounted the same day it was dated; that it so appeared upon the books of the bank; he did not know who brought the note to the bank; that it was not placed to any one's credit; that he simply surrendered the previous note upon the presentation of the one in suit, but to whom he could not say. When the note was taken by the bank it was indorsed by Mr. Johnson. Johnson was what is called a loan broker.

The plaintiff thereupon rested, and the defendant Gilbert was called as a witness in his own behalf and testified that the note was made by Curran and indorsed by the witness; that he received no consideration for his indorsement. He knew that the maker could not take care of the prior note when it should fall due, and he went to see Mr. Johnson, whom he knew had the former note, with the view of having it renewed. Mr. Johnson required him, as a condition for the renewal of the note, to pay the sum of twenty-two dollars and sixty-five cents, eighteen dollars bonus in addition to the lawful interest. He paid Johnson the twenty-two dollars and sixty-five cents. He did not know from any personal knowledge what became of the note for which the note in question was given in renewal. It was not delivered to him at the time of the giving of the note in suit. He paid Johnson what he asked him to pay for its extension or renewal. He took it to Mr. Johnson because he had taken notes there before. He knew Mr. Johnson indorsed the notes

and furnished the money, and, therefore, took them to him. He understood that Mr. Johnson advanced to Mr. Curran, the maker, the proceeds of a prior note for which this note was given in renewal. He remonstrated with Mr. Johnson on one or two occasions and asked him to renew the note for less, but Johnson declined.

The evidence being closed, the plaintiff's counsel asked the court to direct a verdict for the plaintiff for the amount of the note and interest. Defendant's counsel asked to go to the jury on the whole case, and particularly on the question of the delivery of the note to Mr. Johnson and upon the question of the inception of the note. His request was denied and he duly excepted. He thereupon requested the court to direct a verdict for the defendant. The motion was denied and he excepted, and the court thereupon directed a verdict for the plaintiff for the amount of the note, with interest.

It was incumbent upon the plaintiff before he was entitled to recover to establish that the note had its inception in the hands of the plaintiff. To establish that the plaintiff relied solely upon the testimony of the cashier.

If the note had its inception in the hands of Johnson, and he exacted, as the testimony of Gilbert tended to show, a greater rate of interest than six per cent, and he thereafter transferred it to the plaintiff, it was void for usury. The plaintiff claims that the note had its inception when it was transferred to the plaintiff, and that Johnson acted simply as a note broker, and that the amount of money, in addition to the legal rate of interest, paid to him by Gilbert, was for his indorsement.

The witness upon whom the plaintiff relied to make its case was its cashier, Mr. Perkins, and he testified that he was himself the owner of the note at the time of the trial. The truthfulness, therefore, of his testimony was for the consideration and determination of the jury and not for the court. (*Canajoharie Nat. Bank* v. *Diefendorf*, 123 N. Y. 191.)

The testimony of the appellant tended to show that the note had its inception in the hands of Johnson. His dealings were entirely with Johnson. It was a question for the jury to determine whether the transaction was simply a cover for a usurious loan. If it was the exaction of usurious interest upon the renewal of a note the

renewal note was tainted with usury. (*Swartwout* v. *Payne*, 19 Johns. 294.)

Gilbert being liable to pay the note as indorser was in a situation to make a usurious contract and was entitled to interpose the defense of usury. (*Nat. Bank* v. *Lewis*, 75 N. Y. 523.)

If the note was invalid in the hands of Johnson, it could not be rendered valid by sale thereof to the plaintiff. (*Sweet* v. *Chapman*, 7 Hun, 579.)

These were questions of fact which, we think, should have been submitted to the jury for their determination.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment and order of the Monroe County Court appealed from reversed and new trial granted, costs to abide the event.