GEORGE A. ARMSTRONG, Respondent, v. JOHN J. MIDDAUGH,
     and EMMA MIDDAUGH, Appellants.

(County Court, Oneida County, October, 1911.)

Usury — The effect of usury — Renewals, new securities, etc., instead
     of usurious ones — After transfer to innocent holder.

> Where a note, usurious in its inception, passes into the hands
> of a *bona fide* holder for value, and the maker makes a payment
> thereon and takes it up and gives a new note for the balance due
> in place thereof, the latter note is valid.

APPEAL from a judgment rendered by a justice of the
peace of the city of Utica in favor of the plaintiff and against
the defendants.

William W. Chambers, for appellants.

Lee & Dowling, for respondent.

HAZARD, J.   It appears that, about January 13, 1908,
these defendants borrowed $175 from one Hickox and gave
him their note payable in six months for $200.   It seems that
there were numerous small payments made upon this note by
defendants, and that sixteen renewals for various amounts
were given by them to Hickox.   Some time the latter part of
1909, apparently the note as it then stood was for $130, and
Hickox sold the note to this plaintiff.   All the evidence that
is in the case on the subject is the plaintiff's, who testifies
that he paid dollar for dollar for the note.   Plaintiff does not
seem to know whether the note that he bought was due or
not, but defendant says in his testimony, "I refused to pay
on the ground that the note was not due, and on the ground
of usury."   This refers to a conversation had sometime after
plaintiff became the owner of the note, in which he called
upon defendant John Middaugh and presented it and de-
manded payment.   It seems that thereafter defendants paid
$10 by leaving it at plaintiff's office, together with a new

note for the balance, $120, which is the note in suit. It is dated February 13, 1910, payable to the order of plaintiff, is in the usual form, and is signed by both defendants. It appears that, since then, defendants have paid a total of $77.55 upon it, and the justice has given plaintiff judgment for the balance, from which defendants appeal.

There was considerable evidence admitted on the trial, which was offered by the defendants, by various employees in the Wicks & Greenman store, which was hearsay, purely and only, and should not have been admitted; but, in view of the decision we have reached, which is founded upon sufficient and satisfactory evidence aside from the hearsay evidence, it is immaterial. I think there can be no doubt but that the note in its inception was usurious. The testimony of the defendant is sufficient on that point, and it is uncontradicted. It is doubtless true that a note once void for usury continues to be void, even in the hands of an innocent holder, at least if that holder is an individual. The law is plainly and definitely stated in the case of Claflin v. Boorum, 122 N. Y. where, on page 388, the court says: " The loan, when made, was a violation of the statute, and the notes were thus rendered absolutely void and no subsequent transaction could make them valid. Even if, as the plaintiffs claim, they purchased the notes before maturity for value and without notice, they cannot enforce them, because the vice of usury follows a promissory note into the hands of a *bona fide* holder. A note void in its inception for usury continues void forever, whatever its subsequent history may be. It is as void in the hands of an innocent holder for value as it was in the hands of those who made the usurious contract. No validity can be given to it by sale or exchange, because that which the statute has declared void cannot be made valid by passing through the channels of trade."

This language is exceedingly explicit and very much in point, but, notwithstanding the unquestioned law as quoted above, there *are* exceptions to it, and it is not so general and sweeping in its effect as the language quoted might seem to indicate, as witness the case of Schlesinger v. Gilhooly, 189 N. Y. 1, which case is authority for the proposition that the

law of New York, forfeiting the entire debt for usury, was superseded by the National Banking Law as to commercial paper discounted and held by a National bank, and also by a State bank, but that the statute against usury is in full force as to individuals. The practical application of this is: " That State Banks knowingly taking usury forfeited the interest only, the same as National Banks, whereas all other corporations, as well as all persons and firms, forfeited both principal and interest."

While the statute law on the subject in this State seems to have been very stringent and the punishment provided for usury very great, and the courts have never hesitated to enforce it, they have never gone out of their way to extend the effect of the very stringent usury laws and, where possible, have endeavored to protect innocent persons. We thus find a line of cases among the earlier reported cases in this State, in which, in cases just like the one at bar, the courts have held that the original taint of usury does not apply to a case where a note affected by usury has been transferred to a *bona fide* holder, and, where the debtor thereupon or thereafter gave such holder a new security for the debt and took up the original note, it is held that he cannot afterward set up the defense of usury to an action on the substituted contract. If the renewal note or substituted contract is made between the *same parties,* the taint of usury will affect the new note. This is upon the theory that contracts affected by usury are not so utterly void but that they may be ratified. Dix v. Van Wyck, 2 Hill, 522; Smalley v. Doughty, 19 N. Y. Super. Ct. 66; Kent v. Walton, 7 Wend. 257; Kelmar v. O'Brien, 14 Hun, 414. The latter cited case was that of a mortgage, but I do not see that there is necessarily any difference in principle.

The case of Treadwell v. Archer, 76 N. Y. 196, is cited by both parties, but is, I consider, good authority for the position we are maintaining. That case is to be differentiated from the one at bar in the very material point that the note in that case was delivered to the original lender who had taken usury.

The court said: " The note was taken *by the usurer* in

the name of another person, and it is equally void as if taken in his own name." But the court said that, if the note had been given *directly to a third person* by the debtor, a different conclusion would be reached. In the discussion of some earlier cases, the court in the Treadwell case makes it very clear that they differentiate between a renewal note made between the original parties, and one " given to a person not privy to the usury."

The case of Union Bank v. Gilbert, 83 Hun, 417, is also cited by appellant, but does not upon a careful reading sustain his views. In fact, I think that that case also, inferentially at least, is authority for the proposition that, if a usurious note was renewed by the maker direct to an innocent purchaser, it could be enforced by him; because the question of whether the renewal note was delivered to the plaintiff or the usurious indorser of the original note was made a question of fact, and in that case the court said (p. 419) : " It was incumbent upon the plaintiff to establish that the note had its inception in the hands of the plaintiff."

The court also said (p. 420) : " If the note was invalid in the hands of Johnson (the usurious endorser), it could not be rendered valid by sale thereof to the plaintiff." This latter is a proposition which no one disputes, but assuming that the note " did not have its inception " in Johnson's hands, but in the plaintiff's hands, it is the clear meaning of the case that the plaintiff might recover, notwithstanding Johnson's usurious transactions in connection with the predecessors of the note in suit. My attention is not called to any case which holds that, where a usurious note is transferred to a *bona fide* holder who is innocent of all connection with or knowledge of the usury, *and a new note is given by the original debtor to the new creditor,* the defense of usury is available to the debtor. I think the facts are established in this case as above. There is no dispute of any substantial nature but that the plaintiff paid dollar for dollar for the note, nor is there any evidence whatever that he had any knowledge that it was " tainted with usury." There is some dispute between the plaintiff and the defendants as to what happened when plaintiff presented the Hickox note to de-

fendants, but that is not very material, because some time after that the defendants paid ten dollars and gave the note in suit to plaintiff. I think, upon the authority of all the cases cited, that the defense of usury is not, therefore, available to them in this action.

The judgment of the justice must, therefore, be affirmed, with costs.

Judgment affirmed, with costs.